CITY OF BAYONNE, APPELLANT, v. PUBLIC SERVICE RAILWAY CORPORATION, A CORPORATION OF NEW JERSEY, RESPONDENT.

Submitted July 10, 1922—Decided November 20, 1922.

On appeal from the Supreme Court.

For the appellant, *Aaron A. Melniker.*

For the respondent, *Edward A. Armstrong* and *Frank Bergen.*

PER CURIAM.

This is an action in the Supreme Court to recover money paid by Bayonne for repairs to Avenue C, between First and Fifty-fourth streets, for a distance of two feet outside of the rails of defendant company laid on that avenue. Judge Speer, before who the case came on for trial, nonsuited the plaintiff upon its opening on the pleadings, considering also an offer to prove how the parties had acted in the premises by way of showing contemporaneous and practical construction by themselves of the ordinance of 1885, under the terms of which the defendant's obligation arises, which is as follows:

"That said tracks and turnouts shall be laid in substantial manner, under the supervision of the city surveyor, and it shall be the duty of said company to pave the part of any street or streets through which its railroad may be laid that lies inside of the rails of any of their tracks, and two feet outside thereof, with Belgian block pavement, as soon as and whenever the balance of said street or part thereof is paved, and to keep the said parts of said street so to be paved by them as aforesaid inside of their tracks at all times in good repair at their own expense."

The language is clear. It is that the defendant company shall *pave* the part of any street through which its roadway may be laid that lies inside of the rails and two feet outside thereof, and to *keep* the parts of the streets *inside of their tracks* at all times *in good repair*.

The plaintiff-respondent, Bayonne, contends that the words "rails" and "tracks" are not synonymous; that "rails" is limited to the metal which forms part of the tracks, and that "tracks" includes not only the rails but the ties, ballast, &c. That may be true when crossing railways, levying taxes, &c., are involved, but in the case at bar the words "inside" and "outside" clearly show that the *tracks* mentioned mean *rails*.

The language being clear and unambiguous, there is no room for construction, and the judge rightly excluded the offer to show a practical construction by the parties.

The judgment under review will be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH. BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.